```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :    S1: 20cr0052 (DLC)
                                        :
          -v-                           :    MEMORANDUM OPINION
                                        :         AND ORDER
TIMOTHY WALLACE,                        :
                                        :
               Defendant.               :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On April 3, 2020, the defendant sought release on bail from the Metropolitan Correctional Center ("MCC") pursuant to 18 U.S.C. §§ 3142(f) and 3142(i), on account of the COVID-19 pandemic. The Government opposes the defendant's release. The defendant's application for release on bail is denied.

The defendant, who is thirty-two years old, has been indicted for violation of 21 U.S.C. § 846. In particular, he has been indicted for conspiring to distribute 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A), and mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). He is facing a mandatory minimum term of imprisonment of ten years. Trial is scheduled for November 2, 2020.

On March 6, 2020, this Court ordered that the defendant be detained pending trial, concluding that the defendant posed a danger to the community. The defendant makes this application pursuant to Sections 3142(f) and 3142(i).

Pursuant to Section 3142(f), a

> hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

The defendant argues that the new information that justifies a reopening of the bail hearing and that was not known on March 6 is the outbreak of the COVID-19 pandemic. While there can be no dispute that the COVID-19 pandemic has imposed enormous strains upon all institutions, including correctional facilities, the public health crisis does not have a "material bearing" on whether there are conditions of release that would reasonably assure the safety of the community. As the defendant has presented no new evidence that changes the Court's conclusion that the defendant poses such a danger, the Court declines to order his release pursuant to Section 3142(f).

The defendant also argues that he should be released pursuant to Section 3142(i). He requests that he be released to

2

home confinement and returned to live with the mother of his children and their two young children, with whom he resided for the ten years preceding his incarceration.

Section 3142(i) provides that a

> judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). The defendant has not shown that his release will be to the custody of an appropriate person or is necessary for a compelling reason.

Based on the record before the Court, it appears that the defendant's release to the custody of the mother of his children would endanger the safety of the community. The defendant was living with his family at the time he is alleged to have committed the very serious crimes with which he is charged. As described at the March 6 hearing, there is evidence that the defendant's drug trafficking included activity conducted from his apartment and that on at least one occasion he obtained the assistance of the mother of his children in doing so.

The defendant also has not shown that his release is necessary for preparation of his defense. Trial is not set to begin for roughly seven months, and, in the meantime,

the defendant is able to communicate with his counsel by telephone, as he already has done twice since his March 6 detention. The defendant also has not shown that his release would lessen any risk to his health presented by COVID-19. The defendant's request for release pending his November 2 trial, therefore, is denied.

Dated:   New York, New York
         April 9, 2020

                                    _____
                                         DENISE COTE
                                 United States District Judge